Stuart Price, Esq. (SBN:150439)
**Price Law Group, APC**
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: (818)907-2030
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
*Humberto Hernandez*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO HERNANDEZ,<br><br>               Plaintiff,<br><br>   v.<br><br>SYNCHRONY BANK; AND<br>DISCOUNT TIRE CO. INC.<br><br>         Defendant(s). | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227; and**<br>2. **RDDCPA, CAL. CIV. CODE § 1788** *et seq.*<br><br>**(Unlawful Debt Collection Practices)** |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, Humberto Hernandez ("Plaintiff"), through his attorneys, alleges the following against Defendants, Synchrony Bank (hereinafter "Synchrony") and Discount Tire Co., Inc. also known as America's Tire (hereinafter "Discount Tire" or "AT" or collectively referred to as "Defendant" or "Defendants"):

## <u>INTRODUCTION</u>

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly

regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here and therefore personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the state of California.

7. Plaintiff is a debtor as defined by CAL. CIV. CODE § 1788.2(h).

8. Defendant Synchrony Bank is a financial institution with its principal place of business located in Draper, Utah. Defendant can be served with process through its designated agent, CT Corporation System, at 818 West 7th Street, Suite 930, Los Angeles, CA. 90017.

9. Defendant Synchrony is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

10. Defendant Discount Tire, is an Arizona corporation which can be served through its designated agent, CT Corporation System, at 818 West 7th Street, Suite 930, Los Angeles, CA. 90017.

11. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant Discount Tire, by means of Defendant Synchrony Bank, is attempting to collect a debt from Plaintiff.

13. In or around January 2017, Defendant Synchrony Bank began placing calls to Plaintiff on his cellular phone number (818) 470-8108 in an attempt to collect on the alleged debt.

14. The calls placed by Defendant Synchrony Bank originated from (877) 317-5659.

15. Upon information and belief, Defendant owns and operates the phone number.

16. On or about January 16, 2017, at 10:26 a.m., Plaintiff received a call on his cellular telephone from (877) 317-5659.

17.  Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Stewart, a representative of Defendant Synchrony.

18. Defendant Synchrony informed Plaintiff that it was attempting to collect a debt relating to his "America's Tire" Synchrony account, at which point Plaintiff unequivocally revoked consent to be called any further on his cellular telephone.

19. Despite Plaintiff's request not to be contacted, Defendant Synchrony Bank continued to call Plaintiff.

20. On or about February 24, 2017, at 3:23 p.m., Plaintiff received a call on his cellular telephone from (877) 317-5659 and spoke with Kelly, a representative from Defendant Synchrony; at which point Plaintiff unequivocally revoked consent to be contacted for a second time.

21. Despite revoking consent, Defendant Synchrony called Plaintiff approximately one-hundred and forty (140) times between January 16, 2017 and February 24, 2017.

22. Then, on or about March 8, 2017, at 8:02 a.m., Plaintiff received a call on his cellular telephone from (877) 317-5659 and spoke with Diane, a representative from Defendant Synchrony; at which point Plaintiff unequivocally revoked consent to be contacted for a third time.

23. Between January 16, 2017 and March 8, 2017, Defendant Synchrony willfully called Plaintiff on his cellular phone approximately one hundred and sixty-nine times (169) to annoy and harass Plaintiff in the hopes that they could induce Plaintiff to pay the debt.

24. On many days, Defendant would call Plaintiff up to five times a day.

25. For example, on February 19, 2017, Defendant called Plaintiff at 8:23 a.m., 9:56 a.m., 11:32 a.m., 1:31 p.m., and 1:51 p.m.

26. Defendant would even call shortly after Plaintiff had just revoked consent to be contacted.

27. For example, on March 8, 2017, Defendant called Plaintiff an hour and twenty-five minutes after he had previously spoken with Diane and revoked consent to be contacted.

28. Plaintiff works at a pool supply warehouse as a supervisor and the calls from Defendant have interrupted his job at times making him fear that he could lose his job due to the excessive calls.

29. The calls not only induced stress, but also anxiety from having to pick up his cellular phone while working.

30. Due to Defendant's actions, Plaintiff has suffered emotional distress and sustained actual damages.

## COUNT I- FIRST CLAIM FOR RELIEF
### Defendants Violated the TCPA, 47 U.S.C. § 227)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendants violated the TCPA.  Defendants' violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any

telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

33. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### COUNT II-SECOND CLAIM FOR RELIEF
**Defendants Violated the Rosenthal Fair Debt Collection
Practices Act, CAL. CIV. CODE § 1788)**

34. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

35. Defendants violated the RFDCPA.  Defendants' violations include, but are not limited to, the following:

a. Defendants violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

b. Defendants violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances; and

c. Defendants violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    iii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

36. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduce violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff, Humberto Hernandez, respectfully requests judgment be entered against Defendants, Synchrony Bank and Discount Tire, for the following:

A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

C. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE §1788.30(b);

D. Actual damages pursuant to CAL. CIV. CODE § 1788.30(a);

E. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788.30(c); and

F.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: April 28, 2017.                    By:/s/ Stuart Price
                                          Stuart Price (SBN 150349)
                                          15760 Ventura Blvd., Suite 800
                                          Encino, CA. 91436
                                          E: stuart@pricelawgroup.com
                                          Attorneys for Plaintiff